IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NIEWIEDZIAL, <br><br> Plaintiff, <br><br> v. <br><br> DR. DENNIS LARSON and BRIDGETT ALEECE, <br><br> Defendants. | Case No. 23-cv-2961-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Michael Niewiedzial, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

1

## The Complaint

In his Complaint, Niewiedzial makes the following allegations: On February 19, 2023, Niewiedzial injured his fingers while leaving his cell (Doc. 1, p. 12). As he was leaving his cell, a porter ran down the gallery to the phones and pushed Niewiedzial's cell door shut, crushing his fingers in the door (*Id.*). Niewiedzial's left middle, ring, and pinky fingers were crushed and bleeding. He was transported to the healthcare unit where Nurse Jennifer cleaned his wounds and Nurse Eram examined his injuries. The nurses taped his wounds and wrapped his hand.

The next day, on February 20, 2023, Dr. Larson examined Niewiedzial's hand and sent him to Good Samaritan Hospital for x-rays. The x-rays revealed Niewiedzial's left middle finger was crushed. At the hospital, his fingers were cleaned because they had continued to bleed through the night. He also received surgical glue on his wounds and his fingers were taped together (*Id.*). Starting on February 22, 2023, he received daily dressing changes but continued to experience pain and throbbing. He was also scheduled to see a hand surgeon (*Id.*).

Niewiedzial noted that as of March 7, 2023, he had not yet seen the hand surgeon. He did not see an orthopedic doctor until six weeks after his injury. At that time, Niewiedzial was informed that his fingers healed wrong because they were not splinted. The orthopedic doctor placed his fingers in a finger splint for four weeks. Niewiedzial alleges that he did not return to the orthopedic doctor after the initial visit and that his fingers are still deformed.

### Discussion

After carefully reviewing the allegations in the Complaint, the Court concludes that Niewiedzial has failed to state a viable claim against either Dr. Larson or Nurse Aleece. In order to state a claim for deliberate indifference, an inmate must put forward facts implicating both an objective and subjective element, namely that: (1) an objectively serious medical need was deprived, and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)). There are simply no allegations to suggest that these specific individuals were deliberately indifferent in providing Niewiedzial care. Niewiedzial acknowledges that Dr. Larson examined him the day after his injury and transported him to the local hospital. Further, there are no allegations to suggest that Dr. Larson delayed or interfered with Niewiedzial's follow-up with the orthopedic doctor nor acted with deliberate indifference to his injury. As to Nurse Aleece, Niewiedzial fails to include her in his statement of claim. There are no allegations to suggest that she saw Niewiedzial or provided any care during the relevant time-period. Thus, Niewiedzial fails to state a viable deliberate indifference claim against either individual.

### Pending Motions

Niewiedzial has filed a motion for counsel (Doc. 3) and motions for status (Docs. 8, 9). But Niewiedzial fails to demonstrate that he sought counsel on his own. He only states that he is without sufficient income or assets to employ an attorney. But because

Niewiedzial has not sought to obtain counsel on his own, his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Niewiedzial to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. He should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Thus, the motion for counsel (Doc. 3) is **DENIED** and the motions for status (Docs. 8, 9) are **DENIED as moot**.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Niewiedzial will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Niewiedzial must comply with the instructions and deadlines set forth below.

Niewiedzial is **GRANTED** leave to file a "First Amended Complaint" on or before **January 8, 2024.** Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Such a dismissal could count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Niewiedzial must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Niewiedzial is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/11/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**