IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL NIEWIEDZIAL,

    Plaintiff,

v.

DENNIS LARSON and BRIDGETTE ALEECE,[1]

    Defendants.

Case No. 23-cv-2961-MAB

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Michael Niewiedzial, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Niewiedzial's Complaint, alleging deliberate indifference in the treatment of any injury to his hand, was dismissed without prejudice for failure to state a claim (Docs. 1, 11). Niewiedzial was granted leave to file an amended pleading. In his Amended Complaint (Doc. 14), he again alleges that the defendants failed to provide him with proper care for his injuries, in violation of the Eighth Amendment.

---

[1] The Clerk of Court is DIRECTED to correct Bridgette Aleece's name on the docket to reflect Niewiedzial's corrected spelling in his Amended Complaint.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

In the Amended Complaint, Niewiedzial makes the following allegations: On February 19, 2023, while at Big Muddy, Niewiedzial was leaving his cell when a porter ran down the hall and inadvertently pushed Niewiedzial's cell door shut (Doc. 14, p. 13). The door crushed three fingers on his left hand, including his middle, ring, and pinky fingers (*Id*.). He was taken to the healthcare unit where a nurse cleaned his wounds (*Id*.). Another nurse taped and wrapped his hand, although this failed to stop the bleeding completely (*Id*.). The wound on his middle finger bled from a cut all the way around the finger (*Id*.).

The next day, Dr. Larson examined Niewiedzial's injury and sent him to the Good Samaritan Hospital in Mt. Vernon, Illinois (*Id*.). Niewiedzial received an x-ray of his left hand and learned that his middle finger was broken (*Id*. at p. 14). Although nurses

---

[2] As noted in the Court's initial Screening Order (Doc. 11, p. 1), the Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

cleaned his fingers, his middle finger continued to bleed (*Id.*). The wound was eventually glued closed, and his three fingers were taped together (*Id.*). Upon return to Big Muddy, Niewiedzial's dressings on his fingers were changed twice a day by Nurse Bridgette Aleece (*Id.*). His middle finger continued to bleed and was clearly twisted, with the tip bent downwards (*Id.*). Niewiedzial expressed his concerns that the finger was incorrectly taped and asked that the middle finger be splinted straight (*Id.*). He also requested a referral to a hand surgeon (*Id.*). Niewiedzial alleges that Nurse Aleece failed to inform Dr. Larson of his concerns, nor did she inform anyone that his fingers continued to bleed (*Id.*).

Niewiedzial alleges that his hospital discharge papers ordered that he be seen by a hand surgeon one week after the incident, but Dr. Larson told Niewiedzial that a hand surgeon would not see him that quickly (*Id.* at p. 15). He was scheduled to see an orthopedic surgeon on April 24, 2023, approximately six weeks after his injury (*Id.*). The doctor immediately splinted the middle finger because the finger was deformed (*Id.*). He also instructed Niewiedzial to wear the splint for an additional four weeks and informed him that his finger would require surgery to straighten (*Id.*). The doctor informed Niewiedzial that he had waited too long for the finger to properly heal (*Id.* at pp. 15-16).

Niewiedzial alleges that his finger healed incorrectly because Nurse Aleece failed to inform Dr. Larson of his concerns. As a result, the finger was not only deformed but Niewiedzial suffered immense pain during the healing process (*Id.* at p. 16). Niewiedzial believes that if Nurse Aleece had informed Dr. Larson of the issues with his middle finger, then doctors could have corrected the finger. Because of the lack of proper care, the finger

3

is now severely deformed (*Id*.). Niewiedzial further alleges that Dr. Larson should have splinted his finger earlier and Dr. Larson improperly delayed his referral to an orthopedic surgeon (*Id*.). Niewiedzial was also never taken back to the orthopedic surgeon, despite Dr. Larson claiming that he was scheduled for another appointment (*Id*. at p. 17).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:    Eighth Amendment deliberate indifference claim against Dr. Larson and Nurse Bridgette Aleece for failing to provide Niewiedzial with proper care for his injured fingers.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

At this stage, Niewiedzial adequately states a claim for deliberate indifference against Dr. Larson and Nurse Bridgette Aleece. He alleges that Dr. Larson failed to send him to an orthopedic surgeon within one week of his injury, as directed by the hospital. Instead, he alleges that Dr. Larson delayed his appointment by six weeks, causing his finger to heal incorrectly. He also alleges that Dr. Larson delayed his follow-up

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

appointment after his initial appointment with the orthopedic surgeon. In fact, Niewiedzial never again saw the orthopedic surgeon after his initial appointment, despite Dr. Larson's claims that he would be scheduled for a follow-up. The delays in care that Niewiedzial alleges can amount to deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Niewiedzial also states a claim against Nurse Aleece. He alleges that she failed to inform Dr. Larson of his concerns regarding how his finger was healing. He also alleges that Nurse Aleece was aware that his finger continued to bleed and was healing crooked, but never sought to provide him with additional care. At this stage, Niewiedzial's allegations are sufficient to proceed against Dr. Larson and Nurse Aleece on his claims in Count 1.

## **Pending Motions**

As to Niewiedzial's motion for counsel (Doc. 16), he alleges that he needs counsel because the law library is often closed and he is unable to obtain help from inmate workers. He also alleges that he has limited education and has difficulties both in reading and writing. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance

5

of counsel ... cannot be gauged.").[4] Further, the Court does not believe that counsel is needed at this time because Defendants have not filed an Answer nor is there anything pending that would require the assistance of counsel. Thus, the motion for counsel (Doc. 16) is **DENIED**.

In addition to his motion for counsel, Niewiedzial filed a motion for leave to proceed without prepaying fees (Doc. 15). But Niewiedzial was already granted pauper status and assessed a partial filing fee (Doc. 6). Thus, his motion is **DENIED as moot**.

## Disposition

For the reasons stated above, Count 1 shall proceed against both Dr. Larson and Nurse Bridgette Aleece.

The Clerk of Court shall prepare for Defendants Dr. Larson and Nurse Bridgette Aleece: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Niewiedzial. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

6

If a defendant can no longer be found at the work address provided by Niewiedzial, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Niewiedzial, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Niewiedzial is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/9/2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**